UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTOPHER TIRTEL,

    Plaintiff,

v.                              Case No: 2:18-cv-481-FtM-99MRM

SUNSET AUTO & TRUCK, LLC, a
Florida limited liability
company, AMB MOTORS, INC., a
Florida corporation, and
CARMAX AUTO SUPERSTORES,
INC., a Virginia
corporation,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendant Sunset Auto & Truck, LLC's Motion to Dismiss (Doc. #18) filed on August 9, 2018. Plaintiff filed a Response in Opposition (Doc. #31) on August 30, 2018. Defendant Carmax Auto Superstores, Inc. moves to join Sunset Auto's Motion to Dismiss (Doc. #22), which plaintiff opposes (Doc. #36). For the reasons set forth below, the Motion to Dismiss is granted with leave to amend and the Motion to Join is denied.

**I.**

This case involves a fraudulent odometer disclosure. On or about March 15, 2018, Sunset Auto & Truck, LLC sold plaintiff Kristopher Tirtel a 2008 GMC Yukon XL, which had an odometer

reading of 138,616.  (Doc. #1.)  Contemporaneous with the sale, Sunset Auto provided plaintiff with two documents showing that the mileage was 138,616 - a Loanliner Documentary Draft from Tirtel's lender (Doc. #1-1) and a NADA web printout faxed to his lender by Sunset Auto (Doc. #1-2).  However, the Bill of Sale (Doc. #1-3) stated: "Odometer Reading: EXEMPT."  No other odometer disclosure or acknowledgment was provided to plaintiff and he purchased the GMC for $17,632.16.

Almost immediately after purchasing the GMC, it began having major mechanical problems.  (Doc. #1, ¶ 18.)  Tirtel took the GMC back to Sunset Auto, who advised him that the GMC needed extensive repairs for a vehicle with a mileage of only around 140,000.  (Id., ¶ 20.)  Believing the GMC to be a "gas guzzler", on April 24, 2018, plaintiff took the vehicle to a CarMax dealership to get a trade-in valuation.  (Id., ¶ 23.)  CarMax ran an Autocheck® title report and the odometer discrepancy was discovered.  As a result, the trade-in appraisal came in at only $5,000.  (Id., ¶ 24; Doc. #1-6.)

The title report provided to plaintiff by CarMax reflects that on November 10, 2014, the GMC registered an odometer reading of 199,689 miles at auction.  Then, on September 24, 2015, the GMC registered an odometer reading of only 98,000 miles.  (Doc. #1-6.)  Upon discovering this information, plaintiff contacted Sunset Auto, demanding a return of his money.  At this point, "Sunset

Auto claimed that it knew nothing about the odometer issue, and that it purchased the GMC from CarMax at auction believing the mileage to be as reflected on the odometer." (Doc. #1, ¶ 27.) Confronted with this news, and following a review of their information, "CarMax acknowledged that it sold the GMC to Sunset Auto at auction with the rollback mileage and promised to make things right." (Id., ¶ 28.) Both Sunset Auto and CarMax refused to resolve the situation. Plaintiff states that both Sunset Auto and CarMax "knew or should have known" that the odometer had been rolled back, "to the point that it was reckless or grossly negligent not to know," and they sold the GMC to him with the intent to defraud him, causing financial damage. (Id., ¶ 32.)

For purposes of the Motion to Dismiss, the Court outlines the pertinent title history for the GMC, as set forth in Exhibits F-J to the Complaint. On December 2, 2014, DAB Auto World & Leasing transferred the GMC to AMB Motors, Inc.[1], with a mileage of 199,689. (Doc. #1, ¶ 34.) On September 24, 2015, AMB transferred the GMC to Adain Samuell Lago with a stated mileage of only 98,000, over 100,000 less than when AMB acquired ownership. (Id., ¶ 35.) On July 22, 2017, Lago transferred the GMC to CarMax at its Fort Myers location, reporting a mileage of 138,616. (Id., ¶ 36.) On July

---

[1] AMB Motors, Inc. is named as a defendant but has not yet been served and plaintiff has requested an extension of time to serve AMB. (Doc. #43.)

27, 2017, CarMax transferred the GMC to Sunset Auto, reporting an actual mileage of 138,616.[2] (Id., ¶ 37.) Plaintiff obtained title from Sunset Auto on March 16, 2018.

On July 10, 2018, plaintiff filed a two-count Complaint, alleging odometer fraud in violation of the Federal Odometer Act, 49 U.S.C. § 32705 and 49 C.F.R. § 580.4[3] (Count I), as well as violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. (FDUTPA) (Count II). (Doc. #1.) Sunset Auto now moves to dismiss the Odometer Act claim because the Act and regulations expressly exempt vehicles manufactured ten years before the date of sale. (Doc. #18.) Although CarMax filed an Answer to the Complaint (Doc. #17), it moves to join Sunset Auto's Motion to Dismiss.

---

[2] Plaintiff states that the Complaint contains a clerical error at paragraph 37 as to the date that the vehicle title was transferred from CarMax to Sunset Auto and should read July 27, 2017. (Doc. #36, n.3.) Plaintiff should fix this clerical error in the Amended Complaint.

[3] Congress directed the U.S. Department of Transportation ("DOT") to promulgate regulations governing "the way in which [mileage] information is disclosed and retained ..." in furtherance of the Federal Odometer Act. 49 U.S.C. § 32705(a)(1).

Although plaintiff cites 49 C.F.R. § 580.4 as the provision defendants violated, that section deals with security of documents and power of attorney forms. It appears plaintiff means 49 C.F.R. § 580.5, which involves the disclosure of odometer information on a vehicle title and requires that "[i]n connection with the transfer of ownership of a motor vehicle, each transferor shall disclose the mileage to the transferee in writing on the title ...."

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. 1955. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth", Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially

plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

**A. Statutory Overview**

The Federal Odometer Act, codified in 49 U.S.C. §§ 32701-32711, "imposes on car dealers various requirements intended to ensure that automobile consumers are provided with accurate statements of a car's mileage ... to prevent consumers from being defrauded about the mileage of vehicles they [are] looking to purchase." Coleman v. Lazy Days RV Ctr., Inc., No. 8:05–cv–00930–T–17–TBM, 2006 WL 2131303, *3 (M.D. Fla. July 28, 2006) (citing the Federal Odometer Act).

Here, Tirtel alleges that "Defendants made a false statement to the transferee" in violation of the Federal Odometer Act. (Doc. #1, ¶ 41.) 49 U.S.C. § 32705, in relevant part, provides that:

> (a)(1) Disclosure requirements. Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
>
> > (A) Disclosure of the cumulative mileage registered on the odometer.

> (B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.
>
> (2) A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.
>
> * * *
>
> (5) The Secretary may exempt such classes or categories of vehicles as the Secretary deems appropriate from these requirements. Until such time as the Secretary amends or modifies the regulations set forth in 49 CFR 580.6, such regulations shall have full force and effect.

The Secretary of Transportation exempted vehicles over ten-years old. The ten-year manufacture date exemption to 49 C.F.R. § 580.5 is provided by 49 C.F.R. § 580.17(a)(3). The exemption states:

> Notwithstanding the requirements of §§ 580.5 and 580.7:
>
> (a) A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage:
>
> * * *
>
> (3) A vehicle that was manufactured in a model year beginning at least ten years before January 1 of the calendar year in which the transfer occurs.

49 C.F.R. § 580.17(a)(3).

The Odometer Act is remedial legislation that should be "broadly construed to effectuate its purpose." Owens v. Samkle Automotive, Inc., 425 F.3d 1318, 1322 (11th Cir. 2005). "To be sure, violators are subject to both civil and criminal penalties

for 'technical' violations even if they commit them without intent to defraud, as well as to suits for injunctive relief by the United States and the fifty States." Id. at 1324-25 (internal citations omitted).

**B. Sunset Auto**

Sunset Auto moves to dismiss, relying on the ten-year exemption provided by 49 U.S.C. § 32705(a)(5) and 49 C.F.R. § 580.17, arguing that because the GMC was over ten-years old on the date that Tirtel purchased it from Sunset, he has no claim because it was not required to disclose the vehicle's mileage. In response, Tirtel agrees that Sunset Auto was not required to disclose the vehicle's mileage. (Doc. 31, p. 3). However, plaintiff argues that because Sunset Auto elected to represent the vehicle's mileage to Tirtel (and his lender) as accurate, Sunset Auto cannot now shield itself from its own misrepresentations. (Id.)

In support, plaintiff relies on Coleman v. Lazy Day RV Center, Inc. for the proposition that although a seller might not have a legal obligation to disclose an odometer reading outside the 10-year exemption period, if a seller nevertheless does voluntarily disclose the mileage, the statement must be truthful and accurate. No. 8:05-cv-905-17TBM, 2006 WL 889736 (M.D. Fla. Mar. 31, 2006). However, the facts of Coleman, particularly the actions of the seller, are distinguishable from this case. In Coleman, on

"several occasions, through an Odometer Disclosure Statement and a subsequent Buyer's Order, Lazy Days represented to Coleman that the recreational vehicle had 66,069 miles." Id. at *3. No such statements were provided to plaintiff here and the Bill of Sale specifically stated "EXEMPT" next to odometer reading. Therefore, Coleman is not entirely on point with this case.

As acknowledged by plaintiff, the GMC's manufacture year is 2008, making the vehicle exempt from odometer disclosure requirements starting January 2018. (Doc. #36, p. 3.) See 49 U.S.C. § 32705(a)(5). Sunset Auto sold the GMC to plaintiff on or about March 15, 2018, within the exemption period to the mandatory disclosure law. The Odometer Act reads that a transferor may not make a "false statement to the transferee in making the disclosure required by such a regulation." 49 U.S.C. § 32705(a)(2). Here, there was no disclosure required by Sunset Auto because at the time of the transfer the GMC was within the exemption period provided by the Secretary. Plaintiff has provided the Court with no authority (and the Court is unaware of any) for the proposition that Sunset Auto waived the exemption because of its disclosure. Therefore, the Federal Odometer Act claim against Sunset Auto fails.[4] Additionally, plaintiff has not

---

[4] Sunset Auto remains a defendant because of the FDUTPA claim.

identified any provision of the Odometer Act which prohibits false statements in general.

Because a party generally should be given at least one opportunity to amend before the court dismisses a claim with prejudice, <u>Bryan v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001), the Court will provide plaintiff with an opportunity to file an amended complaint setting forth a Federal Odometer Act claim against Sunset Auto. If no Amended Complaint is filed, this case will proceed on the Complaint (Doc. #1) with the exception of Count I against Sunset Auto.

**C. CarMax**

CarMax moves to join Sunset Auto's Motion to Dismiss despite the fact that it already filed an Answer to the Complaint at Doc. #17. A motion to dismiss is improper once a responsive pleading has been filed. <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1306 (11th Cir. 2002). Because CarMax has already filed a responsive pleading before it moved to join the Motion to Dismiss, the Court denies its request to join.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Sunset Auto & Truck, LLC's Motion to Dismiss (Doc. #18) is **GRANTED** and Count I against Sunset Auto is dismissed without prejudice to plaintiff filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2. CarMax Auto Superstores, Inc.'s Motion to Join Sunset Auto & Truck, LLC's Motion to Dismiss (Doc. #22) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of October, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record