UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTOPHER TIRTEL,

       Plaintiff,

v.                                           Case No: 2:18-cv-481-FtM-99MRM

SUNSET AUTO & TRUCK, LLC, a
Florida limited liability
company, AMB MOTORS, INC., a
Florida corporation, and
CARMAX AUTO SUPERSTORES,
INC., a Virginia
corporation,

       Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on defendant Carmax Auto Superstores, Inc.'s Motion to Dismiss Amended Complaint (Doc. #51) filed on November 7, 2018. Plaintiff filed a Response in Opposition (Doc. #56) on November 21, 2018. For the reasons set forth below, the Motion is denied.

**I.**

This case involves a fraudulent odometer disclosure claim brought under the Federal Odometer Act, 49 U.S.C. § 32701 et seq., and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. (FDUTPA). On or about March 15, 2018, Sunset Auto & Truck, LLC sold plaintiff Kristopher Tirtel a 2008 GMC Yukon XL, which had an odometer reading of 138,616. (Doc.

#49.)  Contemporaneous with the sale, Sunset Auto provided plaintiff with two documents showing that the mileage was 138,616 - a Loanliner Documentary Draft[1] from Tirtel's lender (Doc. #49-1) and a NADA web printout[2] faxed to his lender by Sunset Auto (Doc. #49-2).  However, the Bill of Sale (Doc. #49-3) stated: "Odometer Reading: EXEMPT."  According to the NADA printout, the GMC had a clean retail value of $18,575 at that time.  No other odometer disclosure or acknowledgment was provided to plaintiff and he purchased the GMC for $15,400.[3]

Almost immediately after purchasing the GMC, it began having major mechanical problems.  (Doc. #49, ¶ 18.)  Tirtel took the GMC back to Sunset Auto, who advised him that the GMC needed extensive repairs for a vehicle with a mileage of only around 140,000.  (Id., ¶ 20.)  Believing the GMC to be a "gas guzzler", on April 24, 2018, plaintiff took the vehicle to a CarMax dealership to get a trade-in valuation.  (Id., ¶¶ 22-23.)  CarMax ran an Autocheck®

---

[1] Sunset Auto completed the Loanliner Documentary Draft, filling in all of the handwritten information including the vehicle mileage section, where it states that the GMC had 138,616 miles and Sunset Auto did not write exempt on the Draft. (Doc. #49, ¶ 13(a).)

[2] Sunset Auto inputed the information and generated the NADA printout in order to disclose the GMC's value.  (Doc. #49, ¶ 13(b).)

[3] After all taxes, fees, and other costs, including negative equity payoff of Tirtel's trade-in vehicle, the total contract purchase price was $17,632.16, plus $300 for gap insurance, and $71.40 for documentary stamps.  (Docs. ##49-3 – 49-4.)

title report and the odometer discrepancy was discovered. As a result, the trade-in appraisal came in at only $5,000. (Id., ¶ 24; Doc. #49-5.)

The title report provided to plaintiff by CarMax reflects that on November 10, 2014, the GMC registered an odometer reading of 199,689 miles at auction. Then, on September 24, 2015, the GMC registered an odometer reading of only 98,000 miles. (Doc. #49-5.) Upon discovering this information, plaintiff contacted Sunset Auto, demanding a return of his money. At this point, "Sunset Auto claimed that it knew nothing about the odometer issue, and that it purchased the GMC from CarMax at auction believing the mileage to be as reflected on the odometer." (Doc. #49, ¶ 26.) Confronted with this news, and following a review of their information, "CarMax acknowledged that it sold the GMC to Sunset Auto at auction with the rollback mileage and promised to make things right." (Id., ¶ 28.) Both Sunset Auto and CarMax refused to resolve the situation. Plaintiff states that both Sunset Auto and CarMax "knew or should have known" that the odometer had been rolled back, "to the point that it was reckless or grossly negligent not to know," and they sold the GMC to him with the intent to defraud him, causing financial damage. (Id., ¶ 32.)

For purposes of the Motion to Dismiss, the Court outlines the pertinent title history for the GMC, as set forth in Exhibits F-J to the Amended Complaint. On December 2, 2014, DAB Auto World &

Leasing transferred the GMC to AMB Motors, Inc.[4], with a mileage of 199,689.  (Doc. #49, ¶ 34.)  On September 24, 2015, AMB transferred the GMC to Adain Samuell Lago with a stated mileage of only 98,000, over 100,000 less than when AMB acquired ownership. (Id., ¶ 35.)  On July 22, 2017, Lago transferred the GMC to CarMax at its Fort Myers location, reporting a mileage of 138,616.  (Id., ¶ 36.)  On July 27, 2017, CarMax transferred the GMC to Sunset Auto, reporting an actual mileage of 138,616.  (Id., ¶ 37.) Plaintiff obtained title from Sunset Auto on March 16, 2018.

On July 10, 2018, plaintiff filed a two-count Complaint, alleging odometer fraud against Sunset Auto and CarMax.  (Doc. #1.)  The Court dismissed the initial Complaint for failure to state a claim, finding that there was no disclosure required by Sunset Auto because at the time of the transfer the GMC was within the exemption period provided by Florida law.  (Doc. #44.)  The Federal Odometer Act and regulations expressly exempt vehicles manufactured ten years before the date of sale, and plaintiff provided the Court with no authority for the proposition that Sunset Auto waived the exemption because of its disclosure.  The Court provided plaintiff an opportunity to file an amended complaint setting forth a Federal Odometer Act claim against Sunset

---

[4] AMB Motors, Inc. is named as a defendant but has not yet been served and plaintiff has requested an extension of time to serve AMB.  (Docs. ##43, 45.)

Auto.  Plaintiff filed a two-count Amended Complaint (Doc. #49) on October 23, 2018, asserting the same claims.  CarMax moves to dismiss both counts, re-asserting the argument that the GMC is exempt from odometer disclosure.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S. Ct. 1955.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth", Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. Federal Odometer Act (Count I)**

The Federal Odometer Act, codified in 49 U.S.C. §§ 32701–32711, "imposes on car dealers various requirements intended to ensure that automobile consumers are provided with accurate statements of a car's mileage ... to prevent consumers from being defrauded about the mileage of vehicles they [are] looking to purchase." Coleman v. Lazy Days RV Ctr., Inc., No. 8:05–cv–00930–T–17–TBM, 2006 WL 2131303, *3 (M.D. Fla. July 28, 2006) (citing the Federal Odometer Act). "The Odometer Act allows private parties to recover money damages from those that violate its provisions with the intent to defraud." Owens v. Samkle Auto. Inc., 425 F.3d 1318, 1321 (11th Cir. 2005).

Here, Tirtel alleges that "Defendants made a false statement to the transferee" in violation of the Federal Odometer Act. (Doc. #49, ¶ 41.) 49 U.S.C. § 32705, in relevant part, provides that

> (a)(1) Disclosure requirements. Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
>
> (A) Disclosure of the cumulative mileage registered on the odometer.
>
> (B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.
>
> (2) A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.
>
> * * *
>
> (5) The Secretary may exempt such classes or categories of vehicles as the Secretary deems appropriate from these requirements. Until such time as the Secretary amends or modifies the regulations set forth in 49 CFR 580.6, such regulations shall have full force and effect.

The Secretary of Transportation exempted vehicles over ten-years old. The ten-year manufacture date exemption to 49 C.F.R. § 580.5 is provided by 49 C.F.R. § 580.17(a)(3). The exemption states:

> Notwithstanding the requirements of §§ 580.5 and 580.7:
>
> (a) A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage:

* * *

>   (3) A vehicle that was manufactured in a model year beginning at least ten years before January 1 of the calendar year in which the transfer occurs.

49 C.F.R. § 580.17(a)(3).

The Odometer Act is remedial legislation that should be "broadly construed to effectuate its purpose." <u>Owens v. Samkle Automotive, Inc.</u>, 425 F.3d 1318, 1322 (11th Cir. 2005). "To be sure, violators are subject to both civil and criminal penalties for 'technical' violations even if they commit them without intent to defraud, as well as to suits for injunctive relief by the United States and the fifty States." <u>Id.</u> at 1324-25 (internal citations omitted).

To address the issues that the Court identified in its Opinion and Order granting the Motion to Dismiss, plaintiff added certain allegations to paragraph 13 of the Amended Complaint, set forth below in italics:

> Throughout the process of selling the GMC to Mr. Tirtel, Sunset Auto always maintained that the GMC had only 138,616 miles on it. This representation is reflected on:
>
>> a. The Loanliner Documentary Draft from Mr. Tirtel's lender *which was completed by Sunset Auto by filling in all of the handwritten information including the vehicle mileage section, where it indicated that the GMC had 138,616 and did not write "exempt" thereon;* (see Exhibit A) and,

> b. The N.A.D.A. web printout provided to Mr. Tirtel and faxed to his lender by Sunset Auto (the "NADA Sale Printout"). *The NADA Sale Printout was generated by Sunset Auto, and all information contained thereon was input by Sunset Auto for the purpose of disclosing the GMC's value based upon the stated mileage.* See Exhibit B.

(Doc. #49, ¶ 13.) CarMax argues that the additional allegations do not demonstrate CarMax made a false statement, nor that any odometer disclosure was required because at the time of the GMC's transfer to plaintiff on March 15, 2018, it was within the 10-year exemption period provided by Florida law, effective as of January 1, 2018.

Plaintiff disputes that CarMax should be shielded from the disclosure requirements because at the time that CarMax transferred the GMC to Sunset Auto on or about July 27, 2017, it was still well within the non-exemption period. (Doc. #49, ¶ 37.) Plaintiff otherwise asserts that he has satisfied the pleading requirements for an Odometer Act violation.

Here, the Court agrees that Tirtel has properly alleged violations of the Odometer Act against CarMax. The Act specifically states that "[a] person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation." 49 U.S.C. § 32705(a)(2). Plaintiff alleges that CarMax violated the Act by

transferring the GMC to Sunset Auto without disclosing the vehicle's true mileage, instead reporting the "actual mileage" of 138,616. Plaintiff attaches what appears to be the certificate of title[5] from CarMax to Sunset Auto with the mileage stated as 138,616. (Doc. #49-10.) Plaintiff also alleges that CarMax "knew or should have known, to the point that it was recklessly or grossly negligent not to know, that the mileage had been changed on the GMC, and sold the GMC to him with intent to defraud." (Doc. #49, ¶ 32.) See Owens, 425 F.3d at 1321 (noting that "the statute's meaning is clear — if you violate the Odometer Act, and you do so with the intent to defraud your victim in any respect relating to the Odometer Act or the regulations passed pursuant to it, you are liable"). And CarMax's transfer of the GMC was within the non-exemption period.[6] These allegations are enough to state a claim under the Act.

---

[5] The regulations at 49 C.F.R. § 580.5(c) provides that "[i]n connection with the transfer of ownership of a motor vehicle, each transferor shall disclose the mileage to the transferee in writing on the title ...."

[6] The fact that CarMax did not transfer GMC directly to Tirtel does not seem to make a difference in the analysis and has never been addressed by the Eleventh Circuit. CarMax does not discuss the issue with regard to Count I and plaintiff cited to two non-binding decisions which found that privity between the parties is not required to enforce the Odometer Act's provisions. (Doc. #56, p. 7.) This makes sense given the broad remedial nature of the Act as recognized the Eleventh Circuit. See Owens, 425 F.3d at 1325 (noting that the purposes of the private civil remedy under the Odometer Act is "to compensate victims for harm suffered, and to ensure strict compliance with the Odometer Act's provisions").

**B. FDUTPA (Count II)**

With respect to Count II, Tirtel contends that defendants violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 et seq. As a consumer protection law, FDUTPA seeks to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the course of any trade or commerce." Fla. Stat. § 501.202(2). "To state an FDUTPA claim, [a plaintiff] must allege (1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." Dolphin LLC v. WCI Communities, Inc., 715 F.3d 1243, 1250 (11th Cir. 2013) (citation omitted). A *per se* violation of FDUTPA stems from the transgression of "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition or unfair, deceptive, or unconscionable acts or practices." Blair v. Wachovia Mortg. Corp., No. 11-cv-566-Oc-37TBS, 2012 WL 868878, *3 (M.D. Fla. Mar. 14, 2012) (internal citations omitted).

Here, plaintiff alleges that defendants made false, deceptive, or misleading statements with regard to the "financing of the GMC in violation of Fla. Stat. § 320.27(9)(b)(3)" and that "the failure of the Defendants to comply with the requirements of Chapter 320, Florida Statutes, is a *per se* violation of FDUTPA pursuant to Fla. Stat. § 501.203(3)(c). (Doc. #49, ¶ 45.)

As discussed above, plaintiff sufficiently states a claim for fraudulent odometer disclosure and, thus, plaintiff's FDUTPA claim is also sufficient. Therefore, defendant's motion to dismiss is denied as to Count II.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant Carmax Auto Superstores, Inc.'s Motion to Dismiss Amended (Doc. #51) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of December, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record