**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

KRISTOPHER TIRTEL,

      Plaintiff,

v.

CARMAX AUTO SUPERSTORES, INC., *et al*,

      Defendants.
_____/

Case No.: 2:18-cv-00481-FtM-99-MRM

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SUNSET AUTO & TRUCK, LLC'S SECOND MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW the Plaintiff, KRISTOPHER TIRTEL, by and through his undersigned counsel, and responds in opposition to Defendant Sunset Auto & Truck, LLC.'s Second Motion to Dismiss Amended Complaint (Doc. No. 69).

**Statement of the Facts & Procedural History**

In March 2018, Kristopher Tirtel ("Mr. Tirtel") purchased a 2008 GMC (the "GMC") from Defendant Sunset Auto & Truck, LLC ("Sunset Auto"). (Doc. No. 49, ¶¶ 11 & 15) During the negotiations and on forms to complete the transaction, Sunset Auto disclosed the mileage on the GMC to be 138,616 miles. (Doc. No. 49, ¶ 13). Sunset Auto is a Florida-licensed automobile dealer. (Doc. No. 49, ¶ 8).

Subsequent to purchasing the GMC, Mr. Tirtel learned that the GMC's mileage as disclosed to him was fraudulent. (Doc. No. 49, ¶¶ 13 & 18-29). Instead of 138,616, the GMC's mileage was likely in excess of 200,000. (Doc. No. 49, ¶¶ 33-35). Sunset Auto either knew (or should have known) that the GMC's mileage was not 138,616 miles but,

1

nevertheless, disclosed and represented otherwise when it transferred the GMC. Despite having only owned the GMC for one month, the fraudulent odometer has damaged Mr. Tirtel by over $10,000 in reduced value alone. (Doc. No. 49, ¶ 15 & 24).

In July 2018, Mr. Tirtel filed this case against the Defendants, asserting claims under the Federal Odometer Act (FOA) and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). (Doc. No. 1). Sunset Auto filed a motion to dismiss the initial complaint, claiming that it was not required to disclose the mileage because it transferred the GMC outside of the required disclosure period as set forth by the Secretary under the law, and, that if the Court granted its motion on that claim, there would be no basis to retain jurisdiction on the state law claim against it. (Doc. No. 18). Following Mr. Tirtel's response in opposition to that motion (Doc. Nos. 31), the Court entered an Opinion and Order granting Sunset Auto's dismissal motion in part, with leave to amend the complaint (the "Order"). (Doc. No. 44). Though not entirely clear, in granting Sunset Auto's dismissal motion, the Court reasoned that the complaint did not allege what disclosures Sunset Auto made to Mr. Tirtel that would potentially result in waiver of the exemption, like what occurred in *Coleman v. Lazy Day RV Center, Inc.*[1] (Doc. No. 44, Pg. 8-9).

To clarify Mr. Tirtel's position and resolve the Court's concerns, Mr. Tirtel amended the allegations concerning Sunset Auto's disclosures to Mr. Tirtel during the transaction in the amended complaint.[2] The amended complaint was filed and served upon Sunset Auto on October 23, 2018. (Doc. No. 49). On November 14, 2018, the Court entered an Order to

---

[1] Case No. 8:05-cv-905-17TBM, 2006 WL 889736 (M.D. Fla. Mar. 31, 2006).

[2] The other amendments in the complaint related to allegations to allow for constructive service to Defendant AMB Motors, Inc. and correct a scrivener's error on a date.

Show Cause directing Sunset Auto to show cause within seven days as to why a default should not be entered against it for failing to timely respond to the amended complaint. (Doc. No. 55). Sunset Auto failed to respond to the Order to Show Cause as well, and an Order directing the Clerk to enter a default was entered on November 27, 2018.[3] (Doc. No. 57). On November 28, 2018, the Clerk entered a default against Sunset Auto. (Doc. No. 58).

Subsequently, without seeking relief from default, and without addressing either the default or the Court's previous Order to Show Cause, Sunset Auto filed a motion to dismiss the amended complaint. (Doc. No. 59). That motion was denied as moot due to the entry of default. (Doc. No. 61). On December 19, 2018, following Mr. Tirtel's motion for default final judgment, Sunset Auto sought to vacate the default, asserting that counsel was busy with other matters and could not address the current case. (Doc. No. 65). The Magistrate granted Sunset Auto's motion (Doc. No. 68), and Sunset Auto then refiled its previously-denied motion (Doc. No. 69). Mr. Tirtel disputes the motion to dismiss as deniable on the merits.

## **Argument in Opposition**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When denying a dismissal motion, courts need only find that the factual allegations are "plausible" and "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding a Rule 12(b)(6) motion to dismiss,

---

[3] Not only has Sunset Auto failed to timely plead and respond to a Court Order in this case, but it has also failed to provide Mr. Tirtel with its Rule 26 disclosures which were due on October 22, 2018 (Doc. No. 46) and failed to respond to discovery requests served by Mr. Tirtel that were due on November 21, 2018, and has sought no formal or informal extension of time.

courts must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89 (2007).

**I. Mr. Tirtel has sufficiently stated an FOA claim against Sunset Auto, as reasonable inferences can be drawn from his allegations that Sunset Auto waived the exemption under the regulations through its conduct and disclosures.**

As discussed below, the FOA exemption is waivable by the transferor if it chooses to make affirmative disclosures about a vehicle's mileage at the time of transfer. Reasonable inferences can be drawn from the amended complaint that would show that Sunset Auto waived any exemption that may be available to it under the regulations. Therefore, the motion should be denied.

The FOA[4] is currently codified at 49 U.S.C. §§ 32701, *et seq.* Likewise, the Secretary of Transportation (the "Secretary") has set forth regulations under the authority provided by the FOA. *See* 49 C.F.R. §§ 580 *et seq.* In seeking to dismiss the amended complaint, Sunset Auto relies upon the 10-year vehicle manufacture date exemption provided by 49 C.F.R. § 580.17, asserting that because the GMC was over 10 years old on the date that Mr. Tirtel purchased it, he has no claim against Sunset Auto because it was not required to disclose the GMC's mileage to him. However, there is a big difference between (1) not being required to do something and not doing it, and (2) not being required to do something but electing to do it anyway. Here, when Sunset Auto decided to *voluntarily* make affirmative disclosures about the GMC's mileage to Mr. Tirtel at the time of transfer, it was required to make accurate disclosures, and it cannot subsequently claim that the GMC was exempt from disclosure.

---

[4] Also known as the Motor Vehicle Information and Cost Savings Act. *See Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1319 (11th Cir. 2005).

The expressed purposes of the FOA are to "prohibit tampering with motor vehicle odometers and to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset motors." 49 U.S.C. § 32701(b)(1) & (2). These purposes were based upon findings that "buyers of motor vehicles rely heavily on the odometer reading as an index of the condition and value of a vehicle…are entitled to rely on the odometer reading as an accurate indication of the mileage of the vehicle…[and] an accurate indication of the mileage assists a buyer in deciding on the safety and reliability of the vehicle. § 32701(a)(1)-(3). The regulations set forth by the Secretary echo these purposes, and provide that:

> The purpose of this part is to provide purchasers of motor vehicles with odometer information to assist them in determining a vehicle's condition and value by making the disclosure of a vehicle's mileage a condition of title and by requiring lessees to disclose to their lessors the vehicle's mileage at the time the lessors transfer the vehicle. In addition, the purpose of this part is to preserve records that are needed for the proper investigation of possible violations of the Motor Vehicle Information and Cost Savings Act and any subsequent prosecutorial, adjudicative or other action.

49 C.F.R. § 580.2. As the FOA is a remedial statute, it "should be 'broadly construed to effectuate its purpose.'" *Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1322 (11th Cir. 2005).

The FOA, in relevant part, provides that:

> (a)(1) Disclosure requirements.--Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
>
> (A) Disclosure of the cumulative mileage registered on the odometer.

> (B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.
>
> (2) A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation.

49 U.S.C. § 32705. The related regulations provide that each time a vehicle is transferred, the seller must, *inter alia*, disclose the mileage and certify that the odometer reading reflects the actual mileage, that the odometer has rolled over, or that odometer reading differs from the actual mileage. 49 C.F.R. § 580.5. However, the regulations do not require disclosure of a vehicle's mileage when it is over 10 years old.

The 10-year manufacture date exemption to 49 U.S.C. § 32705 and 49 C.F.R. § 580.5 is found at 49 C.F.R. § 580.17(a)(3). However, that exemption simply provides that:

> Notwithstanding the requirements of §§ 580.5 and 580.7:
>
> (a) A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage:
>
> (3) A vehicle that was manufactured in a model year beginning at least ten years before January 1 of the calendar year in which the transfer occurs.

49 C.F.R. § 580.17(a)(3). Stated another way, the Act and regulations thereto provide that certain disclosures on mileage must be made by a transferor on transfers of vehicles, and those disclosures must be accurate. 49 U.S.C. § 32705; 49 C.F.R. § 580.5. However, a transferor is not *required* to make any disclosure when the vehicle is greater than 10 years old. 49 C.F.R. § 580.17(a)(3). When read together, and giving liberal construction in favor of the Act's purpose, the exemption provided by 49 C.F.R. § 580.17(a)(3) allows a transferor to transfer a vehicle while remaining silent about a vehicle's mileage or simply stating that it

6

is exempt from disclosure and no comment will be made on the odometer's accuracy; it does *not* provide a blanket exemption giving a transferor free reign to make <u>false</u> disclosures and remove the vehicle from the Act's coverage when a transferor specifically elects to make mileage disclosures. Rather, a liberal construction of the regulations requires a reading that *if* a transferor *chooses* to make affirmative disclosures of a vehicle's mileage after the exemption period, even though the transferor was not required to, then those disclosures must be accurate. Case law supports this reading.

In *Coleman v. Lazy Day RV Center, Inc.*, the District Court for the Middle District of Florida denied a transferor's motion to dismiss an FOA complaint against it on an exempt vehicle, finding that the transferor, by voluntarily disclosing information that was not required to be disclosed under the exemption, waived the regulatory exemption by its disclosure. 8:05-cv-930-T17-TBM, 2006 WL 889736, *4 (M.D. Fla. Mar. 31, 2006). In *Coleman*, a purchaser was sold a recreational vehicle following negotiations that included representations of the mileage of the vehicle. *Id.* at *1. Subsequently, the purchaser discovered that the vehicle had well over the disclosed mileage. *Id.* The purchaser sued the seller, asserting that it misrepresented the vehicle's mileage in violation of the FOA. *Id.*

In response to the suit, the *Coleman* seller moved to dismiss the action, claiming that the vehicle was exempt from disclosure under regulations prescribed by the Secretary. *Id.* Following analysis on whether the Secretary had the authority to issue the regulations, the *Coleman* court determined that the exemption regulation was valid; and then considered whether a seller can waive the exemption by making affirmative disclosures on the vehicle's

mileage. *Id.* at *3-4. The *Coleman* court held that the exemption *can* be waived and, in denying the motion to dismiss, stated:

> Even though it had no legal obligation to disclose an odometer reading to Coleman, Lazy Days did so. It seems clear to the Court that while the statutory exemption contained in 49 C.F.R. § 580.17 does not mandate that sellers of certain vehicles provide odometer disclosure statements to purchasers, when a seller does nevertheless voluntarily disclose, the statement must be accurate and truthful.

Similarly, in *Ryan v. Edwards*, the Fourth Circuit held that "[a] transferor cannot insulate himself from liability under the [FOA] statute by completing the odometer mileage statement correctly, and then contradicting that statement with false oral claims." 592 F.2d 756, 761 (4th Cir. 1979). Numerous other cases and circuits have relied upon *Ryan*. In *Hughes v. Box*, the Eighth Circuit stated that:

> [t]he lesson of *Ryan* is that a transferor of a motor vehicle cannot blow both hot and cold with respect to a vehicle's actual mileage and then reasonably expect his actions to amount to compliance with the statute. Given the broad purpose of the Act to protect motor vehicle purchasers from inaccurate mileage representations by sellers, a transferor should, at the very least, have some duty to specifically and unambiguously alert the transferee to the fact that the transferor's initial representation of the vehicle's mileage was incorrect, and to make clear the vehicle's actual mileage.

814 F.2d 498, 502 (8th Cir. 1987). In a factually-similar case to the case at bar, the Tenth Circuit, agreed that the plaintiffs stated claims against a transferor under the holdings in *Ryan* and *Hughes*, where the mileage disclosure statement was accurate but the "initial disclosure to plaintiffs, *on the purchase order*, was inaccurate and misleading." *Lee v. Gallup Auto Sales, Inc.*, 135 F.3d 1359 (10th Cir. 1998); *see also Suits v. Little Motor Co.*, 642 F.2d 883, 886 (5th Cir. Unit B Apr. 1981) (agreeing with the holding in *Ryan*).

Here, as in *Coleman*, the seller made affirmative disclosures to the buyer regarding the vehicle's actual mileage. Sunset Auto disclosed the mileage to Mr. Tirtel on the "Loanliner Documentary Draft" and the "N.A.D.A. web printout," as well as verbally throughout the entire transaction. (Doc. No. 49, ¶ 13). Thus, at minimum, reasonable inferences can be drawn that Sunset Auto waived the exemption by its voluntary disclosures, making dismissal inappropriate. *See id.*; *Coleman*; *Ryan; Hughes*; *Extra Mile, LLC v. Don Baskin Truck Sales, LLC*, 06-cv-2589, 2007 WL 9706253, *3-4 (W.D. Tenn. Nov. 6, 2007) (citing *Coleman* and holding that a seller can waive the regulatory exemption under the FOA by voluntarily disclosing an exempt vehicle's mileage); *see also Smith v. Walt Bennett Ford, Inc.*, 314 Ark. 591, 614 (Ark. 1993) (holding that vehicle seller could not voluntarily disclose what it was not required to disclose and then claim that it was not bound by its voluntary actions). Therefore, Sunset Auto's motion should be denied.

## II. In the event that the Court dismisses the FOA claim, it should retain jurisdiction over the FDUPTA claim.

Sunset Auto does not assert that Mr. Tirtel has failed to state a claim against it under FDUPTA; rather, it seeks to dismiss the FDUPTA claim solely under the premise that if the Court grants dismissal of the FOA claim, it should not retain jurisdiction under the FDUPTA claim. This Court has already denied this requested relief in the Opinion and Order on Sunset Auto motion to dismiss the initial complaint. (Doc. No. 44). First, as discussed above, this Court should deny Sunset Auto's current motion to dismiss on the FOA claim. But, in the event that this Court grants dismissal of the FOA claim, it should deny the request to dismiss the FDUPTA claim and, instead, retain jurisdiction over same.

Section 1367, United States Code, grants a district court discretion to decide whether to exercise jurisdiction over state-law claims that are "so related to claims in the action with such original jurisdiction that they form part of the same case or controversy." In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Here, the factors weigh in favor of retaining jurisdiction.

First, the state-law claim is based on the exact same set of facts as the federal claim. Second, Sunset Auto is part of a chain of ownership with co-Defendants in this case, which will keep Sunset Auto involved in this case, at minimum, as a witness. Such circumstances will require duplicative efforts on the part of all parties if Mr. Tirtel were required to file a state court case against Sunset Auto as well. Thus, the "values of judicial economy, convenience, fairness, and comity" are all served by retaining jurisdiction in this case. Conversely, those values would be disserved if the Court dismissed the claim. *See id.*

WHEREFORE, Mr. Tirtel respectfully requests this Court deny Sunset Auto's motion to dismiss.

*/s/ David W. Fineman*
David W. Fineman, Esq.
FBN: 0040993
Dfineman@DellutriLawGroup.com
THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
239-939-0900
239-210-3681 – Dir.
239-939-0588 – Fax
www.DellutriLawGroup.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served upon the persons named on the attached Service List via the Court's CM/ECF system on January 3, 2019.

/s/ *David W. Fineman*
David W. Fineman, Esq.
FBN: 0040993
Dfineman@DellutriLawGroup.com

**Service List**

Nicholas F. Mooney, Esq.
Donna Law Firm, P.C.
504 N. Armenia Avenue
Tampa, FL 33609
NMooney@DonnaLaw.com
*Counsel for CarMax Auto Superstores, Inc.*

Trisha L. Ryan, Esq.
Lusk, Drasites & Tolisano, P.A.
202 Del Prado Blvd. S
Cape Coral, FL 33990
trisha@ldtlaw.com
*Counsel for Sunset Auto & Truck, LLC*