UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTOPHER TIRTEL,

    Plaintiff,

v.                                      Case No: 2:18-cv-481-FtM-99MRM

SUNSET AUTO & TRUCK, LLC, a
Florida limited liability
company, AMB MOTORS, INC., a
Florida corporation, and
CARMAX AUTO SUPERSTORES,
INC., a Virginia
corporation,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Defendant Sunset Auto & Truck, LLC's Motion to Dismiss Amended Complaint (Doc. #69) filed on December 27, 2018. Plaintiff filed a Response in Opposition (Doc. #70) on January 3, 2019. For the reasons set forth below, the Motion is denied.

**I.**

This case involves claims about a fraudulent odometer disclosure in connection with the sale of a motor vehicle in violation of the Federal Odometer Act, 49 U.S.C. § 32705 and 49 C.F.R. § 580.4[1] (Count I) and the Florida Deceptive and Unfair

---

[1] Although plaintiff cites 49 C.F.R. § 580.4 as the provision defendants violated, that section deals with security of documents and power of attorney forms. It appears plaintiff means 49 C.F.R.

Trade Practices Act, Fla. Stat. § 501.201 et seq. (FDUTPA) (Count II). (Doc. #1.) The Court granted Sunset Auto's prior Motion to Dismiss the Complaint, with leave to file an amended complaint. (Doc. #44.) Plaintiff filed an Amended Complaint (Doc. #49) on October 23, 2018.

The Court summarized the allegations of the Amended Complaint in a prior Opinion and Order (Doc. #60), which is adopted herein. In sum, it is alleged that Sunset Auto & Truck, LLC (Sunset Auto) sold plaintiff Kristopher Tirtel a 2008 GMC Yukon XL which had an odometer reading of 138,616 miles. (Doc. #49, ¶ 11.) Contemporaneous with the sale, Sunset Auto provided plaintiff with two documents showing that the mileage was 138,616 – (1) a Loanliner Documentary Draft from Tirtel's lender (Doc. #49-1), and (2) a NADA web printout faxed to his lender by Sunset Auto (Doc. #49-2). The Bill of Sale prepared by Sunset Auto (Doc. #49-3), however, stated: "Odometer Reading: EXEMPT." There is no allegation as to the odometer disclosure set forth in the vehicle's title. Plaintiff subsequently discovered documentation that showed the GMC had an odometer reading of 199,689 in 2014, but an odometer reading of only 98,000 in 2015. On July 27, 2017, CarMax transferred the GMC to Sunset Auto, reporting an "actual mileage" of 138,616. (Doc. #49-10.)

---

§ 580.5, which involves the disclosure of odometer information on a vehicle title.

Sunset Auto again moves to dismiss the Federal Odometer Act count for failure to state a claim, relying on the ten-year exemption provided by 49 U.S.C. § 32705(a)(5) and 49 C.F.R. § 580.17. Sunset Auto argues that because the GMC was over ten-years old on the date that Tirtel purchased it, there was no requirement to disclose the vehicle's mileage and plaintiff therefore has no claim under the Federal Odometer Act. (Doc. #69.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. 1955. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take

them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth", Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

The Court has outlined the parameters of the Federal Odometer Act, codified in 49 U.S.C. §§ 32701-32711, in its prior Opinion and Order (Doc. #60) denying CarMax's motion to dismiss the Amended Complaint. The Court adopts that discussion.

In pertinent part, a person transferring ownership of a motor vehicle must give the transferee a written disclosure of the cumulative mileage registered on the odometer in the manner directed by regulations prescribed by the Secretary of Transportation. 49 U.S.C. § 32705(a)(1)(A). The Secretary has

by regulation required that "[i]n connection with the transfer of ownership of a motor vehicle, each transferor shall disclose the mileage to the transferee in writing on the title ...." 49 C.F.R. § 580.5(c). A "title" is "the certificate of title or other document issued by the State indicating ownership." 49 U.S.C. § 32702(7).

The Secretary was also given statutory authority to exempt certain classes or categories of vehicles from the disclosure requirements, 49 U.S.C. § 32705(a)(5), and has done so. The Secretary has exempted vehicles over ten-years old from this odometer disclosure requirement:

> Notwithstanding the requirements of §§ 580.5 and 580.7:
>
> (a) A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage:
>
> * * *
>
> (3) A vehicle that was manufactured in a model year beginning at least ten years before January 1 of the calendar year in which the transfer occurs.

49 C.F.R. § 580.17(a)(3).

"A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation." 49 U.S.C. § 32705(a)(2). "A person that violates this chapter or a regulation prescribed . . ., with intent to defraud, is liable for 3 times the actual damages or $10,000,

whichever is greater."  49 U.S.C. § 32710(a).  The Odometer Act, which aimed at preventing odometer tampering and fraud, is a "remedial legislation that should be broadly construed to effectuate its purpose."  <u>Owens v. Samkle Automotive, Inc.</u>, 425 F.3d 1318, 1322 (11th Cir. 2005).

The net effect of the statutes and regulations is that a person or entity transferring ownership of a motor vehicle must disclose the odometer mileage in writing on the title, but "need not" make such disclosure if the vehicle was manufactured at least ten years before the calendar year of the transfer. It is undisputed in this case that the GMC satisfies the ten-year criteria: The GMC's manufacture year is 2008, making the vehicle exempt from odometer disclosure requirements starting January 2018.  <u>See</u> 49 C.F.R. § 580.17(a)(3).  Sunset Auto sold the GMC to plaintiff on or about March 15, 2018, within the exemption period. Thus, Sunset Auto "need not" have disclosed the odometer mileage on the title.  The difficulty is that, according to the Amended Complaint, Sunset Auto <u>did</u> make disclosures to plaintiff of an actual odometer mileage amount, but these were false.  The issue is whether a cause of action exists under the Federal Odometer Act for voluntary disclosure of non-required but false odometer information on documents other than the title.

Plaintiff asserts that the reasonable inferences from his allegations is that Sunset Auto waived the exemption through its

conduct and by making disclosures on various documents. (Doc. #70, p. 4.) The Amended Complaint states that Sunset Auto filled in the mileage information by hand, did not write exempt, and inputted the incorrect mileage information into the NADA Printout. Plaintiff states that although Sunset Auto was not required to disclose the vehicles mileage to Tirtel, it elected to do so, and because it elected to do so, it was required to make accurate disclosures. (Doc. #70, p. 4.)

The Court does not see this as a waiver, at least based on the allegations of the Amended Complaint. While Sunset Auto set forth a mileage figure in several documents, it asserted the transaction was "EXEMPT" in the Bill of Sale. Because the Title in not included in the Amended Complaint, there is no information as to Sunset Auto's disclosure in that document. At best, the mixed messages in the documents preclude a finding of a voluntary relinquishment of a known right.

But the Court agrees with plaintiff that once a transferor elects to disclose odometer information it must do so truthfully. "A person transferring ownership of a motor vehicle may not . . . give a false statement to the transferee in making the disclosure required by such a regulation." 49 U.S.C. § 32705(a)(2). Sunset Auto was required to disclose the odometer mileage or to claim an exemption. Given one of the purposes of the Act is to protect purchasers from fraud, and the Act must be broadly construed to

effectuate this purpose, § 32705(a)(2) must be interpreted to preclude false statements made during the sales transaction even if not written on the title. Otherwise, vehicles older than ten years could with immunity have "exempt" written on the title and still be the subject of false statements on the multiple documents comprising the sales transaction. This would clearly thwart the safeguards designed to protect purchasers from altered odometers that are contemplated by the Act's purposes. See 49 C.F.R. § 580.2 (2004) ("The purpose of this part is to provide purchasers of motor vehicles with odometer information to assist them in determining a vehicle's condition and value ....").

The Court is aware of one circuit court of appeals which, in an unpublished opinion, has held to the contrary. In Midwestern Motor Coach Co. v. General Elec. Co., 289 F. App'x. 958, 959 (8th Cir. 2008) the court held that a company which was subject to an exemption (there based on the weight of the vehicle) was also exempt from the statute's prohibition against giving false statements when making the required disclosure. Given the purpose of the Federal Odometer Act and the consequences of such a holding, the Court is unpersuaded by Midwestern Motor Coach.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant Sunset Auto & Truck, LLC's Motion to Dismiss Amended Complaint (Doc. #69) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record